UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL EAGAN,

                         Plaintiff,

           -against-

THE CITY OF NEW YORK, LONNIE BROWN, IN HIS INDIVIDUAL CAPACITY, ANGELICA SALMERON, IN HER INDIVIDUAL CAPACITY, JOHN DOE, IN HIS INDIVIDUAL CAPACITY AND JANE DOE, IN HER INDIVIDUAL CAPACITY,

                         Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, LONNIE BROWN AND ANGELICA SALMERON**

SDNY 11 CV 7688 (BSJ)(MHD)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York, Lonnie Brown and Angelica Salmeron by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4. Deny the allegations as set forth in paragraph "4" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

        5. The allegations set forth in paragraph "5" do not constitute averments of fact and as such no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant City is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except respectfully refer the Court to the New York City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department (hereinafter "NYPD").

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Lonnie Brown and Angelica Salmeron are employed by the City of New York as members of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations set regarding John Doe Officers.

10. The allegations set forth in paragraph "10" do not constitute averments of fact and as such no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Lonnie Brown and Angelica Salmeron are employed by the City of New York as members of the New York City Police Department.

12. Deny the allegations set forth in paragraph "12" of the complaint and state that allegations concerning color of law and scope of employment set forth conclusions of law to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested on June 12, 2010.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was transported to the 28th precinct.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was charged with disorderly conduct.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except respectfully refer the Court to the subject directive of May 13, 2004 for an accurate recitation of its contents.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to paragraph "28" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" to "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint and state that allegations concerning color of law and scope of employment set forth conclusions of law to which no response is required.

30. In response to paragraph "30" of the complaint, defendants repeat and re-allege the responses set forth in paragraphs "1" to "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint and Deny allegations in the subparagraphs.

## AS FOR THE FIRST AFFIRMATIVE DEFENSE:

34. The complaint fails to state a claim upon which relief can be granted.

## AS FOR THE SECOND AFFIRMATIVE DEFENSE:

35. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS FOR THE THIRD AFFIRMATIVE DEFENSE:

36. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS FOR THE FOURTH AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the complaint, defendants Brown and Salmeron acted reasonably in the proper and lawful exercise of their discretion.

**AS FOR THE FIFTH AFFIRMATIVE DEFENSE:**

38. Defendants Brown and Salmeron have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

**AS FOR THE SIXTH AFFIRMATIVE DEFENSE:**

39. Plaintiff may have failed to comply with the conditions precedent to suit, including New York General Municipal Law §§ 50-e, 50-h and/or 50-i.

40. **AS FOR THE SEVENTH AFFIRMATIVE DEFENSE:**

41. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS FOR THE EIGHTH AFFIRMATIVE DEFENSE:**

42. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**AS FOR THE NINTH AFFIRMATIVE DEFENSE:**

43. Punitive damages cannot be recovered against the City of New York.

**AS FOR THE TENTH AFFIRMATIVE DEFENSE:**

44. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS FOR THE ELEVENTH AFFIRMATIVE DEFENSE:**

45. Plaintiff's claims my be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE,** defendants City of New York, Lonnie Brown and Angelica Salmeron request judgment dismissing the Complaint, as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 18, 2012

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                    City of New York
>                    *Attorney for Defendants*
>                    100 Church Street
>                    New York, New York 10007
>                    (212) 788-1895
>
>                    By:        /s/
>                        VICTOR TELLO
>                        Assistant Corporation Counsel

To:   Darius Wadia, Esq.
      *Attorney for Plaintiff*

SDNY 11 CV 7688 (BSJ)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL EAGAN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, LONNIE BROWN, IN HIS INDIVIDUAL CAPACITY, ANGELICA SALMERON, IN HER INDIVIDUAL CAPACITY, JOHN DOE, IN HIS INDIVIDUAL CAPACITY AND JANE DOE, IN HER INDIVIDUAL CAPACITY,

                              Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY, BROWN AND SALMERON**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Victor Tello*
*Tel:  (212) 788-1895*
*NYCLIS NO.* 2011-034406

*Due and timely service is hereby administered.*

*New York, N.Y.  .......................................... ,2012*

*...................................................................... Esq.*

*Attorney for .........................................................*